**In the Matter of: MEDIA GROUP, INC., Debtor,**

ed by 9th Cir. R. 36–3.

**Linda Shao; Law Offices of Linda Shao, APLC, Appellants,**

v.

**Lois I. Brady, Appellee.**

No. 08–60008.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2009.

Filed Aug. 17, 2009.

Wayne A. Silver, Esquire, Sunnyvale, CA, for Appellants.

Elizabeth H. Murphy, Esquire, Linda Sorensen, Bankruptcy Counsel, Stromsheim & Associates, San Francisco, CA, for Appellee.

Before: SCHROEDER, Circuit Judge, ROTH,* Senior Circuit Judge and BERZON, Circuit Judge.

MEMORANDUM **

Linda Shao and the Law Offices of Linda Shao, APLC (collectively, "Shao") appeal the Bankruptcy Appellate Panel's ("BAP's") affirmance of the bankruptcy court's award of sanctions. The underly-

---

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing dispute is over entitlement to the proceeds of a check jointly payable to Shao and Media Group in settlement of a matter in which Shao represented Media Group, now the debtor in bankruptcy proceedings. In 2005, the bankruptcy court entered an order of sanctions against Shao on the basis of three separate findings of misconduct. In her first appeal, the BAP reversed in part and remanded for redetermination of the amount of sanctions after holding that two of the instances of claimed misconduct were not sanctionable.

Shao did not appeal to this court from that decision. On remand the bankruptcy court reduced the amount of the sanctions award in accord with the BAP's holding that there was only one instance of sanctionable misconduct. Shao again appealed, and the BAP affirmed. Shao now appeals from that BAP decision, arguing that the amount of sanctions on remand was too high, and, in addition, that the BAP in the first appeal should not have held that there was any sanctionable conduct.

■ The first BAP decision was a final decision on the central legal issues relating to the merits of the sanctions, and the BAP decision then merely remanded for reconsideration of the amount. We have held that such an order is final and appealable. *See Price v. Lehtinen (In re Lehtinen)*, 564 F.3d 1052, 1057 (9th Cir.2009). Thus, this court would have had jurisdiction to consider an appeal from the original BAP decision. *Id.* Because Shao did not appeal from that decision, it is now unappealable. We lack jurisdiction to review issues determined in that decision. *See Greene v. United States (In re Souza)*, 795 F.2d 855, 857 (9th Cir.1986).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

■ We have jurisdiction to review the second BAP order, affirming the award of reduced sanctions after remand. The sanctions were imposed pursuant to the inherent power of the bankruptcy court to assess sanctions against a party to compensate for bad-faith litigation misconduct. *See Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1196 (9th Cir.2003). As the BAP's decision before us correctly concluded, the evidence supports the amount of sanctions imposed.

AFFIRMED.